# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

FREDERICK STEELE,

        Plaintiff,

v.                                                                  Case No:  6:17-cv-1246-Orl-37DCI

THALES AVIONICS, INC.,

        Defendant.

_____

## REPORT AND RECOMMENDATION

    This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION TO APPROVE SETTLEMENT AND JOINT STIPULATION OF DISMISSAL WITH PREJUDICE (Doc. 15)** |
| **FILED:** | **November 29, 2017** |

    **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part**.

## I.      BACKGROUND

    On July 6, 2017, Plaintiff filed a Complaint against Defendant alleging a cause of action for an alleged violation of the overtime provisions of the Fair Labor Standards Act (the FLSA). Doc. 1.  On November 29, 2017, the parties filed a joint motion to approve settlement (the Motion), to which the parties attached their proposed settlement agreement (the Agreement).  Docs. 15; 15-1.  The Agreement provides that Defendant will pay Plaintiff $16,000.00 to settle Plaintiff's FLSA claims: $6,250.00 in unpaid overtime wages, $6,250.00 in liquidated damages, and $3,500.00 in

attorney fees. Docs. 15 at 2, 5; 15-1 at 1-2. The parties request that the Court review and approve the Agreement, and dismiss this case with prejudice. Doc. 15 at 6.

## II.    LAW

The settlement of a claim for unpaid minimum or overtime wages under the FLSA may become enforceable by obtaining the Court's approval of the settlement agreement.[1] *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). The Court, before giving its approval, must scrutinize the settlement agreement to determine whether it is a fair and reasonable resolution of a bona fide dispute of plaintiff's FLSA claims. *See id*. at 1353-55. In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.
- The state of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute. *See Lynn's Food Stores*, 679 F.2d at 1354. There is a strong presumption in favor of settlement. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

---

[1] The settlement of a claim for unpaid minimum or overtime wages under the FLSA may also become enforceable by having the Secretary of Labor supervise the payment of unpaid wages. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

The Court, in addition to the foregoing factors, must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009).[3]  The parties may demonstrate the reasonableness of the attorney fees by either: 1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

## III.    ANALYSIS

### A.  Settlement Amount.

The parties were represented by experienced counsel in this litigation, which involved disputed issues of liability under the FLSA.  *See* Docs. 1; 15 at 3.  In their Motion, the parties represented the following: that the parties exchanged extensive information and documents; that the parties participated in a full day mediation with an experienced FLSA mediator; that the parties agreed to resolve this matter to avoid the cost and uncertainty associated with litigation; that the parties jointly agree that the terms of the settlement are appropriate given the facts and legal standards applicable in this case; that the settlement was the result of an arms-length negotiation; that Plaintiff is recovering the full settlement value of his disputed FLSA claim; that there has been no collusion, fraud, or other inappropriate conduct by either Plaintiff or Defendant with respect to settlement; and that the probability of success on the merits favors settlement.  Doc. 15 at 1-4.

---

[3] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

Based upon the foregoing, the undersigned finds that $12,500.00[4] is a fair and reasonable settlement amount in this case. Accordingly, it is **RECOMMENDED** that the Court find the amount of the parties' settlement to be fair and reasonable.

**B. The Terms of the Agreement.**

Paragraph 1 of the Agreement provides as follows: "The purpose of this Agreement is to conclusively resolve and settle all claims that [Plaintiff] may have against [Defendant] including, but not limited to, any claims for relief that were made or could have been made by [Plaintiff] in [this] matter . . . ." Doc. 15-1 at 1. Although paragraph 5 of the Agreement – titled "Limited Release of [Defendant]" – appears to limit the release to unpaid wage claims, the language of paragraph 1 is overbroad and susceptible to an interpretation foreclosing Plaintiff from bringing causes of action wholly unrelated to unpaid wage claims. Doc. 15-1 at 2. Therefore, the undersigned finds that the inclusion of the language contained within paragraph 1 fails judicial scrutiny. *See Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010) ("A compromise of an FLSA claim that contains a pervasive release of unknown claims fails judicial scrutiny."). The remaining terms in the Agreement do not affect the overall reasonableness of the settlement, as the Agreement does not contain a confidentiality provision, non-disparagement clause, or other potentially problematic contractual provision sometimes found in proposed FLSA settlement agreements.

---

[4] This settlement amount does not include the amount Defendant will pay Plaintiff in attorney fees in costs, which is discussed *infra* at Section III.C.

Accordingly, it is **RECOMMENDED** that the Court strike paragraph 1 of the Agreement,[5] and otherwise find that the terms of the Agreement do not affect the reasonableness of the settlement.

### C. Attorney Fees and Costs.

Pursuant to the Agreement, Plaintiff's counsel will receive a total of $3,500.00 as attorney fees and costs. Docs. 15 at 2, 5; 15-1 at 1-2. The parties represented that the attorney fees and costs were negotiated separately and had no impact on Plaintiff's total recovery. *See* Doc. 15 at 4-5. The settlement is reasonable to the extent previously discussed, and the parties' foregoing representation adequately establishes that the issue of attorney fees and costs was agreed upon separately and without regard to the amount paid to Plaintiff. *See Bonetti*, 715 F. Supp. 2d at 1228. Accordingly, pursuant to *Bonetti*, it is **RECOMMENDED** that the Court find the amount of the attorney fees and costs to be fair and reasonable.

### IV.    CONCLUSION

Accordingly, it is **RECOMMENDED** that the Motion (Doc. 15) be **GRANTED in part** as follows:

1. Paragraph 1 of the Agreement (Doc. 15-1) be **STRICKEN**;

---

[5] The Agreement contains a severability provision that provides as follows:

> If any provision(s) of this Agreement are held to be illegal, invalid or unenforceable under present or future laws, any such provision(s) shall be curtailed and limited only to the extent necessary to bring it within the requirements of the law. In that event, the remainder of this Agreement shall thereafter be construed and enforced as if such illegal, invalid, or unenforceable provision(s) had never comprised a part hereof. In such case, the remaining provision(s) of this Agreement shall continue in full force and effect and shall not be affected by any such illegal, invalid, or unenforceable provision(s) or be severance herefrom.

Doc. 15-1 at 3.

2. The Agreement (Doc. 15-1) otherwise be found to be a fair and reasonable settlement of Plaintiff's FLSA claim;

3. The case be **DISMISSED with prejudice**; and

4. The Clerk be directed to close the case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection in order to expedite the final disposition of this case.**

Recommended in Orlando, Florida on December 29, 2017.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy