UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FREDERICK STEELE,

    Plaintiff,

v.                                                    Case No. 6:17-cv-1246-Orl-37DCI

THALES AVIONICS, INC.,

    Defendant.
_____

### **ORDER**

Plaintiff initiated this putative collective action against his former employer alleging that Defendant failed to pay him overtime wages in violation of the Fair Labor Standards Act ("**FLSA**"). (Doc. 1.) On November 29, 2017, the parties filed a Joint Motion to Approve Settlement and Joint Stipulation of Dismissal With Prejudice pursuant to *Lynn's Food Stores, Inc. v. United States ex rel. United States Department of Labor*, 679 F.2d 1350 (11th Cir. 1982) (*see* Doc. 15 ("**Motion**"); Doc. 15-1 ("**Agreement**")).

The Agreement provides that Plaintiff will receive $12,500 in unpaid wages and equal amount in liquidated damages ("**Settlement Amount**"). (Doc. 15-1, pp. 1–2.) The parties represent that Plaintiff has not compromised his FLSA claim because the Settlement Amount fully compensates him. (Doc. 15, p. 2.) The parties also represent that the $3,500 in attorney fees was negotiated separately from the Settlement Amount. (*Id.* at 4.) The Agreement also states that its purpose is to "settle all claims that Steele may have against [Defendant] including, but not limited to, any claims for relief that were made or

-1-

could have been made by" Plaintiff in this case ("**Purpose Provision**"). (Doc. 15-1, ¶ 1.) The Agreement then purports to narrow the Purpose Provision in the Release Provision, which provides that Plaintiff "releases and discharges [Defendant] from any all claims, demands, causes of action, complaints or charges, known or unknown, relating to arising out of or under the [FLSA], the Florida Minimum Wage Act, the Florida Constitution and including any type of unpaid wage claim . . . ." (*Id.* ¶ 5.)

On referral, U.S. Magistrate Judge Daniel C. Irick recommends that the Court grant the Motion in part and adopt a slightly modified version of the Agreement. (Doc. 16 ("**R&R**").) Specifically, Magistrate Judge Irick concludes that: (1) the Settlement Amount, which fully compensates Plaintiff, is fair and reasonable; and (2) the $3,500 in attorney fees and costs is fair and reasonable given that it was negotiated separately from the Settlement Amount. (*Id.* at 3–4, 5.) However, Magistrate Judge Irick finds objectionable the overbroad language of the Purpose Provision. (Doc. 16, p. 4.) To remedy this, he recommends that the Court strike the Purpose Provision but otherwise adopt the Agreement as written. (*Id.* at 4–5.)

No party objected to the R&R, and the time for doing so has now passed. Absent objections the Court has reviewed the R&R only for clear error. *See Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-557-T-27EAJ, 2016 WL 355490, at *1 (M.D. Fla. Jan. 28, 2016); *see also Marcort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). Finding no clear error, the R&R is due to be adopted in its entirety.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. U.S. Magistrate Judge Daniel C. Irick's Report and Recommendation

(Doc. 16) is **ADOPTED, CONFIRMED**, and made a part of this Order.

2. The parties' Motion to Approve Settlement and Joint Stipulation of Dismissal with Prejudice (Doc. 15) is **GRANTED IN PART** to the extent identified in the R&R.

3. The parties' FLSA Settlement Agreement and Release (Doc. 15-1) is **APPROVED**, subject to the **STRIKING** of Paragraph 1 of the Agreement.

4. This case is **DISMISSED WITH PREJUDICE.**

5. The Clerk is **DIRECTED** to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 18, 2018.

ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record